## PEOPLE v. SARACENO.

(Supreme Court, Appellate Division, Second Department. May 9, 1912.)

INFANTS (§ 20*)—ENDANGERING MORALS—ACTS OF THIRD PERSONS—EVIDENCE.

    Evidence held insufficient to warrant a conviction of endangering the morals of an infant child 13 years of age by alleged indecent acts committed in her presence.

    [Ed. Note.—For other cases, see Infants, Cent. Dig. § 20; Dec. Dig. § 20.*]

Appeal from Court of Special Sessions of City of New York.

Joseph Saraceno was convicted of endangering the morals of a minor child, and he appeals on a certificate of reasonable doubt. Reversed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and WOODWARD, JJ.

Walter A. Saxon, of Brooklyn, for appellant.

Hersey Egginton, Asst. Dist. Atty., of Brooklyn (James C. Cropsey, Dist. Atty., of Brooklyn, on the brief), for the People.

WOODWARD, J. The defendant was charged with, and has been convicted of, the crime of endangering the morals of a minor child in violation of the provisions of section 483 of the Penal Law (Consol. Laws 1909, c. 40). Mr. Justice Blackmar has granted a certificate of reasonable doubt, because, as he says in a memorandum handed down, "the evidence of the child is so conflicting and is so directly contradicted by the witnesses for the defendant that the appellate court should pass on its sufficiency; and, second, it seems to me a matter of serious doubt whether the acts of the defendant testified to constitute an offense under section 483 of the Penal Law." We will assume, without deciding, that the acts of the defendant, as testified by the child, constitute the crime alleged. See People v. Donohue, 114 App. Div. 830, 100 N. Y. Supp. 202. Her testimony is to the effect that the defendant came into her room at 7 o'clock in the morning, where she was then dressed, and removed all of her clothing, that he then took off all of his clothes, with the exception of his trousers, and that he displayed parts of his person to her. The defendant positively denied this story; stated that he was not present in the house with this child, a girl of 13; that he did not remember to have seen her on the day in question; that he started from his home, some distance from that of the complainant, at about 5 o'clock in the morning; and that he was with his friends, or with a portion of them, all the time down to and including the day. The child testified that this man lived in the house with her, but the overwhelming weight of the evidence is that he left the house where the complainant lived with her parents at least five days before the alleged assault. She is absolutely without corroboration in a single fact or circumstance. She testified that she was alone in the house, and it is sought to find corroboration upon this point from the testimony of the child's mother. She testified:

"On the 25th day of February I did not see my daughter. I was in New York that time. About 2 o'clock in the afternoon I returned home."

Asked if she was away all day, she answered in the negative. Asked if she was away from home at 7 o'clock in the morning, she answered:

"I don't know the clock. I don't know the time."

Asked if she left home early in the morning, she replied:

"Well, it was late. This man didn't go to work that day. Their custom was 5 o'clock in the morning. I could not say how long after the men went to work that it was I went out."

So there is no evidence from which the inference that the child's mother left before 7 o'clock can be drawn, and the statement of

the child that she was alone in the house at 7 o'clock, the time of the alleged exposure, is without corroboration. The mother's assertion that the defendant did not go to his work that day is flatly contradicted by the defendant and his four witnesses, and she gives no facts which would in any manner support her contention.

The highly improbable character of the story calls for strong proof to warrant the conclusion which two of the three judges of the court below have reached. We are asked to believe that this man entered the room of this girl of 13 years of age, disrobed her, took off all of his clothes except his trousers, and got into bed with her, and contented himself with this, for it is conceded on all hands that the child showed absolutely no evidences of violence upon her person. The impulse which would have permitted the defendant to do the things which are here charged would not be thus limited, if he is to be judged by the ordinary conduct of men of his class under like circumstances. Accepting the child's statement that there was no one in the house (and no one suggests that there was any interference), we are asked to believe that this man took all of these liberties with a girl of 13 years of age, and that he then laid down in the bed with her "calmly as to a night's repose," for there is not a particle of evidence that he made a single move after getting into the bed. When it is remembered that this same child had charged that on this occasion the defendant had sexual intercourse with her, and that a doctor was called to make an examination, and that subsequently the charge was changed to that of violating the Penal Law, § 483, and that it is conceded that there is not the slightest evidence that the child was touched after the alleged disrobing, it becomes obvious that it would be a great injustice to permit this conviction to stand.

The evidence is overwhelmingly against the contention of the prosecution, and the judgment should be reversed. All concur.